**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Cynthia Clark, | No. CV-18-02787-PHX-SPL |
| Plaintiff, | **ORDER** |
| vs. | |
| Commissioner of Social Security Administration, | |
| Defendant. | |

Plaintiff Cynthia Clark seeks judicial review of the denial of her application for disability insurance benefits under the Social Security Act, 42 U.S.C. § 405(g). Plaintiff argues that the Administrative Law Judge ("ALJ") erred by according inadequate weight to Plaintiff's treating physicians and by rejecting her subjective complaints (Doc. 15 at 1–2).

A person is considered "disabled" for the purpose of receiving social security benefits if he or she is unable to "engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A). The Social Security Administration's decision to deny benefits should be upheld unless it is based on legal error or is not supported by substantial evidence. *Ryan v. Comm'r of Soc. Sec.*, 528 F.3d 1194, 1198 (9th Cir. 2008). "Substantial evidence is more than a mere scintilla but less than a preponderance." *Bayliss v. Barnhart*, 427 F.3d 1211, 1214 n.1 (9th Cir. 2005) (citation omitted). "It means such

relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971) (citation omitted). The Court must review the record as a whole and consider both the evidence that supports and the evidence that detracts from the ALJ's determination. *Jones v. Heckler*, 760 F.2d 993, 995 (9th Cir. 1985).

## I. DISCUSSION

### A. MEDICAL OPINIONS

Plaintiff argues that the ALJ accorded inadequate weight to the opinion of Plaintiff's treating physicians, Dr. Wladislaw Fedoriw and Dr. David Camarata (Doc. 15 at 13–19).

> To reject an uncontradicted opinion of a treating or examining doctor, an ALJ must state clear and convincing reasons that are supported by substantial evidence. If a treating or examining doctor's opinion is contradicted by another doctor's opinion, an ALJ may only reject it by providing specific and legitimate reasons that are supported by substantial evidence.

*Bayliss v. Barnhart*, 427 F.3d 1211, 1216 (9th Cir. 2005) (internal citation omitted). "The ALJ can meet this burden by setting out a detailed and thorough summary of the facts and conflicting clinical evidence, stating his interpretation thereof, and making findings." *Magallanes v. Bowen*, 881 F.2d 747, 751 (9th Cir. 1989).

### 1. WLADISLAW FEDORIW, M.D.

The record shows that Plaintiff saw pain management specialist Wladislaw Fedoriw, M.D. from January 2014 to August 2016 (AR 360 (January 2014); AR 536 (August 2016); AR 352-360, 437-450, 536-619).[1] In April 2016, Dr. Fedoriw submitted a Medical Source Statement, opining that Plaintiff could stand or walk for less than two hours in an eight-hour work day, sit for less than two hours in an eight-hour work day, rarely carry or lift less than ten pounds, rarely stoop or bend, and never twist, crouch, or climb (AR 493). He further opined that Plaintiff was incapable of even tolerating a low stress job and would likely miss more than four days of work per month as the result of her impairments (AR 494).

---

[1] Administrative Record (*see* Doc. 14).

2

In giving Dr. Fedoriw's medical opinion "little weight," (AR 33) the ALJ found the "extreme limitations [were] unsupported by his treatment record and the evidence as a whole." Specifically, the ALJ referenced Dr. Fedoriw's lack of physical examination findings and noted that the opinion conflicted with the findings of Plaintiff's orthopedic surgeon (AR 33).

First, although it does appear, and Plaintiff agrees, that Dr. Fedoriw's treatment records do lack specific physical examination findings at the cited visits on July 22 and August 18, 2016 (AR 33 citing AR 537-38, 544; *see also* Doc. 15 at 15), the medical records do document hip and leg pain, a review of magnetic resonance images (MRIs) and a computerized tomography (CT) scan, the administration of injections, and the prescribing of medications. It is unclear to the Court, as there is no explanation by the ALJ, the significance of the lack of physical examination findings on those two occasions in light of Dr. Fedoriw's medical records as a whole: "The primary function of medical records is promote communication and recordkeeping for health care personnel—not to provide evidence for disability determinations." *See Orn v. Astrue*, 495 F.3d 625, 634 (9th Cir. 2007).

The ALJ also found Dr. Fedoriw's extreme limitations were unsupported by records from and findings by Plaintiff's orthopedic surgeon (AR 33 citing AR 496, 498, 503, 507-08, 702, 745),[2] specifically that "claimant was generally able to ambulate unassisted, and had some relief in symptoms after her right hip replacement." (AR 33). However, in reviewing the medical records specifically cited to by the ALJ for support, those same documents provide that although unassisted, Plaintiff walked with a limp (AR 497, 500, 702), and although there were instances of some improvement, she experienced varying degrees of pain in both hips (*see, e.g.*, AR 496, AR 497, AR 499, 502, 503, 507, 508, 510, 512, 702, 704) and a total left hip replacement was recommended as of August 2, 2016. The explanation further fails to identify how the specific clinical findings, in light of the

---

[2] The ALJ cited to records from both Dr. David Camarata (AR 496, 498, 503, 507-08) and Dr. March Zachary (AR 702, 745).

3

record as a whole, were inconsistent with Dr. Fedoriw's limitations. *See Garrison v. Colvin*, 759 F.3d 995, 1012 (9th Cir. 2014) (stating the ALJ "must set forth his own interpretations and explain why they, rather than the doctors', are correct."); *Curtis v. Comm'r of Soc. Sec. Admin.*, No. CV-18-00649-PHX-DGC, 2018 WL 6418486, at *7 ("But the ALJ fails to explain . . . why the normal findings should be given more weight than the abnormal findings."). The Court thus finds the ALJ failed to provide a specific and legitimate reason for giving Dr. Fedoriw's opinion little weight.

### 2. DAVID CAMARATA, M.D.

The ALJ further rejected a December 12, 2016 medical source statement (AR 949-951), evaluating it as "other" source opinion based on the inability to read the author's signature and conclusively verify which doctor completed the form (AR 34). Plaintiff argues the form is from her orthopedic surgeon at Arizona Bone and Joint, Dr. David Camarata, and was thus evaluated under the wrong standard. Although Plaintiff affirmed the source of the record at the hearing (AR 57-58), the ALJ ultimately concluded the assertion could not be accepted without "further verification."

An ALJ has a duty to develop ambiguities or inconsistencies in the record. 20 C.F.R. §§ 404.1512, 416.912. If there is any uncertainty as to the author of an opinion, the ALJ is tasked with making an effort to ascertain the identity of the medical source. *See Tracy v. Astrue*, 518 F.Supp.2d 1291, 1300-01 (D. Kan. 2007) ("[T]he development of an adequate record requires the ALJ to make a reasonable effort to ascertain the identity of a medical source who prepares a medical source statement which provides opinions regarding a claimant's physical and/or mental limitations."). This can be done by simply making an inquiry to agency officials or plaintiff's counsel. *Id*. It can also be accomplished by potentially comparing the illegible signature to others within the record. *Id*. Here, Plaintiff and her counsel did, in fact, clarify that Dr. Camarata was the authoring source of the December 12, 2016 medical source statement (AR 949-951). In addition, it appears that the signature could have been compared to others within the record (*see, e.g.*, AR 429, 652). Accordingly, the Court finds the ALJ erred by summarily finding the December 12,

2016 opinion was authored by an unacceptable medical source. Moreoever, the Court notes that the ALJ accorded little weight to the "unknown" opinion based on the same reasons given with regard to Dr. Fedoriw's opinion. Because the Court finds that the ALJ failed to provide a specific and legitimate reason for giving Dr. Fedoriw's opinion little weight, the Court does not agree with Defendant that any error in identifying the author of the December 12, 2016 medical source statement was harmless (Doc. 16 at 3 n.3).

### B. PLAINTIFF'S CREDIBILITY

Plaintiff also argues the ALJ erred in finding Plaintiff's subjective complaints were consistent with sedentary work (Doc. 15 at 20–25). In evaluating a claimant's testimony, the ALJ is required to engage in a two-step analysis. *Vasquez v. Astrue*, 572 F.3d 586, 591 (9th Cir. 2009). First, the ALJ must decide whether the claimant has presented objective medical evidence of an impairment reasonably expected to produce some degree of the symptoms alleged. *Id.* If the first test is met and there is no evidence of malingering, the ALJ can reject the testimony regarding the severity of the symptoms only by providing specific, clear, and convincing reasons for the rejection. *Id.* Here, the ALJ found Plaintiff's medical impairments could reasonably be expected to cause some of the alleged symptoms, but concluded that her statements as to the intensity or limiting effects of those symptoms were not entirely credible (AR 30).

In evaluating Plaintiff's symptom testimony, the ALJ found Plaintiff's pain and symptom testimony to be inconsistent with her daily living activities, and were instead consistent with a sedentary exertional level and thus transferable to sedentary job activities (AR 32). "Engaging in daily activities that are incompatible with the severity of symptoms alleged can support an adverse credibility determination." *Ghanim v. Colvin*, 763 F.3d 1154, 1165 (9th Cir. 2014). In rejecting her testimony, the ALJ specifically referred to her ability to attend doctor appointments, go grocery shopping, drive short distances, attend water therapy, and do some cooking and light housework (AR 32). The ALJ further found Plaintiff reported fewer activities at the hearing, claiming a "typical day" consisted of laying or sitting on the couch, watching television, and trying to help around the house (AR 32; AR 66). The

ALJ also noted that Plaintiff reported occasionally attending church but needing to stand and walk periodically throughout the service (AR 32).

With respect to relying on a claimant's daily activities to find testimony of pain not credible, "[t]he Social Security Act does not require that claimants be utterly incapacitated to be eligible for benefits." *Fair v. Bowen*, 885 F.2d 597, 603 (9th Cir. 1989); *see, e.g.*, *Gallant v. Heckler*, 753 F.2d 1450, 1453 (9th Cir. 1984) (awarding benefits for back and leg pain despite claimant's ability to cook and wash dishes). The fact that Plaintiff performs basic living activities does not equate to the level of evidence required to find the allegation of pain to be incredible. *See Reddick v. Chater*, 157 F.3d 715, 722 (9th Cir. 1998) ("[D]isability claimants should not be penalized for attempting to lead normal lives in the face of their limitations. . . . Only if the level of activity were inconsistent with Claimant's limitations would these activities have any bearing on Claimant's credibility"). "The critical differences between activities of daily living and activities in a full-time job are that a person has more flexibility in scheduling the former than the latter, can get help from other persons . . . , and is not held to a minimum standard of performance, as she would be by an employer." *Bjornson v. Astrue*, 671 F.3d 640, 647 (7th Cir. 2012). Contrary to the ALJ's findings, nothing in the record indicates that Plaintiff is able to spend a substantial part of her day engaged in physical functions that are transferrable to the workplace, or that she is able to do so without breaks or rest. *Fair*, 885 F.2d at 603. The Court thus finds the ALJ's reliance on Plaintiff's daily living activities to be an insufficient reason for rejecting her subjective complaints.

Finally, to the extent the ALJ concluded that Plaintiff's symptom testimony was not supported by the medical evidence of record, this reason alone cannot suffice. The Ninth Circuit has held that "once the claimant produces objective medical evidence of an underlying impairment, [the ALJ] may not reject a claimant's subjective complaints based solely on a lack of objective medical evidence to fully corroborate the alleged severity of pain." *Bunnell v. Sullivan*, 947 F.2d 341, 345 (9th Cir. 1991). Accordingly, the Court finds that the ALJ lacked specific, clear, and convincing reasons to reject Plaintiff's symptom

testimony.

## II. CONCLUSION

It is in this Court's discretion to reverse and remand for an award of benefits or further proceedings. *Holohan v. Massanari*, 246 F.3d 1195, 1210 (9th Cir. 2001). Because the Court finds there are still ambiguities in the underlying record, the Court will remand this case for further administrative proceedings.

**IT IS ORDERED** that the final decision of the Commissioner of Social Security is **vacated and remanded** to the Commissioner of the Social Security Administration for further proceedings consistent with this order.

**IT IS FURTHER ORDERED** that the Clerk of Court shall enter judgment accordingly and terminate this action.

Dated this 27th day of February, 2020.

Honorable Steven P. Logan
United States District Judge